## BRAGG v. CHANNELL.

1. Where a clock pedler, without license, sold a clock, for which the purchaser executed two notes, which afterwards were given up by the partner of the pedler, and a new note, payable to himself, was taken, the latter note is without any legal consideration, in as much as the first notes were wholly void by the statute, and can not be recovered in a suit by the payee.

Writ of error to the Circuit Court of Tallapoosa county.

ASSUMPSIT on a promissory note for fifty dollars. At the trial it was shewn, that in 1837, a clock pedler sold a clock to the defendant, who thereupon executed his two notes, each for twenty-five dollars. This clock pedler had no license to sell clocks. In 1839, the plaintiff, who was a partner of the clock pedler, returned the notes given by the defendant, and took another, payable to himself, for fifty dollars, which had no other consideration to support it. On this state of facts, the Circuit Court instructed the jury, that they ought to find for the defendant. The plaintiff excepted to this opinion, and now seeks to reverse the judgment rendered for the defendant.

THO's CLAY, for the plaintiff in error.
HEYDENFELDT, contra.

GOLDTHWAITE, J.—The act of 1832, in force when the first notes ware executed, provides that all bonds, notes or promises, made to any hawker or pedler, the consideration of which shall be for any clock or clocks, or other goods, wares or merchandize, of any kind whatsoever, shall be utterly void, unless the party selling the same, shall have first procured a license to sell.   Aikin's Digest, 411, § 13.

This enactment seems to be decisive of this case.   The cancellation of the old notes did not create a sufficient consideration to support the one, subsequently given to the plaintiff.   It would be useless to enter upon the inquiry, whether a *bona fide* assignee might not protect himself, if the purchaser thought proper to bind himself, by giving a new note, or even by an express promise to pay the old ones, because that is not the case, and there is nothing to withdraw the transaction from the influence of the statute, except the giving of the new note to one who is shown to be a partner in the trade, rendered illegal by the statute.

Let the judgment be affirmed.